IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| MIGUEL SMITH and CARLA SMITH, )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>CREDITORS INTERCHANGE )<br>RECEIVABLE MANAGEGEMENT, LLC, )<br>)<br>Defendant. ) | No. 5:10-cv-420<br><br>**JURY DEMAND ENDORSED<br>HEREON** |

## COMPLAINT

NOW COME the Plaintiffs, MIGUEL SMITH and CARLA SMITH, by and through their attorney, M. LYNETTE HARTSELL, and for their Complaint against the Defendant, CREDITORS INTERCHANGE RECEIVABLE MANAGEMENT, LLC, Plaintiffs allege and state as follows:

## PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq*., and the North Carolina Prohibited Practices by Collection Agencies Engaged in the Collection of Debts From Consumers Statute, N.C. Gen. Stat. § 58-70-90, *et seq*.

## JURISDICTION AND VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692, *et seq*. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

## PARTIES

3. Plaintiffs are individuals who were at all relevant times residing in Spring Lake, North Carolina.

4. Plaintiffs are "consumers" as defined in 15 U.S.C. § 1692a(3) and N.C. Gen. Stat. § 58-70-90(2), as they are natural persons allegedly obligated to pay a debt.

5. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and as a "collection agency" within the meaning of N.C. Gen. Stat. § 58-70-90(1), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff Miguel Smith.

6. On information and belief, Defendant is a limited liability company of the State of Delaware which is licensed to do business in North Carolina and which has its principal place of business in Cheektowaga, New York.

## COUNT I

(Violation of the Fair Debt Collection Practices Act)

7. On or about February 22, 2010, Defendant's representative and/or employee, Sarah Johnson (hereinafter "Johnson"), sent a letter via facsimile transmission to Plaintiffs in an attempt to collect the aforementioned alleged debt.

8. Also, on or about February 22, 2010, Johnson contacted Plaintiffs by telephone in a further attempt to collect the aforementioned alleged debt.

9. During said telephone conversation, Johnson told Plaintiffs that they had to make payment by 1:00 p.m. the following day. Further, Johnson and/or another representative of Defendant threatened that if payment of the alleged debt was not made, a lien would be placed on Plaintiff's house.

10. Upon information and belief, Johnson is not an attorney and Defendant is not a law firm. Therefore, there was no way Johnson or Defendant could have taken legal action against Plaintiff at the time those threats were made.

11. Also, as of this date, no legal action has been initiated against Plaintiffs in an attempt to collect the aforementioned alleged debt.

12. In its attempts to collect the aforementioned alleged debt, Defendant violated the FDCPA in one or more of the following ways:

   a. Representing or implying that nonpayment of the alleged debt would result in the seizure, garnishment, attachment and/or sale of Plaintiff's property where such action was unlawful and/or Defendant did not intend to take such action, in violation of 15 U.S.C. § 1692e(4);

   b. Threatening to take action that could not legally be taken and/or that was not intended to be taken, in violation of 15 U.S.C. § 1692e(5); and

   c. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

13. As a result of Defendant's violations as aforesaid, Plaintiffs have suffered and continue to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiffs, MIGUEL SMITH and CARLA SMITH, respectfully pray for a judgment against Defendant as follows:

   a. Statutory damages of $1,000.00 to each Plaintiff for each violation of the FDCPA;

   b. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiffs; and

c. Any other relief deemed appropriate by this Honorable Court.

## COUNT II

(Violation of the North Carolina Prohibited Practices by Collection Agencies

Engaged in the Collection of Debts from Consumers Statute)

14. Plaintiffs hereby adopt, re-allege and incorporate by reference all allegations set forth above as though fully rewritten here.

15. In its attempts to collect the aforementioned alleged debt, Defendant violated the North Carolina Prohibited Practices by Collection Agencies Engaged in the Collection of Debts from Consumers Statute in one or more of the following ways:

- a. Representing or implying that nonpayment of the alleged debt would result in the seizure, garnishment, attachment and/or sale of Plaintiff's property where such action was unlawful and/or Defendant did not intend to take such action, in violation of N.C. Gen. Stat. § 58-70-95(5) and (6);

- b. Threatening to take action that could not legally be taken and/or that was not intended to be taken, in violation of N.C. Gen. Stat. § 58-70-95(7) and (8); and

- c. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with North Carolina law.

16. As a result of Defendant's violations as aforesaid, Plaintiffs have suffered and continue to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiffs, MIGUEL SMITH and CARLA SMITH, respectfully pray for a judgment against Defendant as follows:

a. Statutory damages of $4,000.00 to each Plaintiff for each violation of the North Carolina Prohibited Practices by Collection Agencies Engaged in the Collection of Debts from Consumers Statute;

b. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiffs; and

c. Any other relief deemed appropriate by this Honorable Court.

## **JURY DEMAND**

Pursuant to Civil Rule 38, Plaintiffs hereby demand a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiffs prevail on any of their claims in this action.

Respectfully Submitted,

/s/ M. Lynette Hartsell
M. Lynette Hartsell (9845)
Attorney for Plaintiffs
1010 Lakeview Drive
Cedar Grove, NC 27231
(888) 493-0770, ext. 305 (phone)
(866) 551-7791 (facsimile)
Lynette@LuxenburgLevin.com